**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4168

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00174-WO-1)

Submitted:  February 1, 2021                    Decided:  March 1, 2021

Before MOTZ, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Davis pleaded guilty, pursuant to a written plea agreement, to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Davis' plea was knowing and voluntary and whether the district court abused its discretion in denying Davis' motions to withdraw his guilty plea. Davis has filed a supplemental brief, arguing that his sentence is procedurally unreasonable because the district court erred in calculating his advisory Sentencing Guidelines range. For the following reasons, we affirm.

With respect to the validity of Davis' plea, a guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea

2

agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). However, any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). After reviewing the record, we conclude that Davis' plea was knowing, voluntary, and supported by a sufficient factual basis.

Moving to Davis' motions to withdraw his guilty plea, we review a district court's denial of such a motion for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A criminal defendant may withdraw a plea after a court has accepted it if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw a guilty plea, *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), and he "bears the burden of demonstrating that withdrawal should be granted," *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

A district court considers a variety of factors when deciding whether the defendant has met his burden, including: (1) whether he provided credible evidence that his plea was not knowing or voluntary, (2) whether he credibly asserted his legal innocence, (3) whether there was a delay between entering the plea and moving for withdrawal, (4) whether he had close assistance of competent counsel, (5) whether the withdrawal of the plea would prejudice the government, and (6) whether the withdrawal would inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). We have thoroughly reviewed the record and the relevant legal authorities and conclude

that the district court did not abuse its discretion in denying Davis' motions to withdraw his guilty plea.

Finally, Davis argues that the district court erroneously calculated his advisory Sentencing Guidelines range. We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) (internal quotation marks omitted). In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on accurate facts, and sufficiently explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). "In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019) (internal quotation marks omitted). Our review of the record demonstrates that the district court did not err in calculating Davis' advisory Guidelines range and that his sentence is procedurally reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

4

in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*